W. Baylies,

in reply, cited Oxnard v. Proprietors of Kennebeck Purchase, 10 Mass. R. 179, and Cutts v. Haskins, 11 Mass. R. 56, to show that a writ of right is abated by the death' of one of the demandants, and said, that if it was necessary at first to bring all the tenants of the land into Court, the same necessity continued to exist. The land of the deceased tenant in the present case does not survive to the other tenants. In the passage quoted from Thomas v. Smith, there was a joint seisin by disseisin. He cited also, 1 Chit. Pl. 56.
In the course of the argument Wilde J. remarked, that amendments in writs of right had frequently been allowed ; and at the subsequent May term, at Plymouth, the motion to amend was granted, and the demandant permitted to prosecute the action against the surviving tenants.